UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE PEDRO GUAMAN, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against,<br><br>ENERGY PLUS NY CORP d/b/a ENERGY PLUS, and ENERGY PLUS NY INC d/b/a ENERGY PLUS, and MOSHE LEFKOWITZ, individually, and ABRAHAM LICHTENSTADTER, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

JOSE PEDRO GUAMAN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ENERGY PLUS NY CORP d/b/a ENERGY PLUS, ("NY CORP"), and ENERGY PLUS NY INC d/b/a ENERGY PLUS ("NY INC"), and MOSHE LEFKOWITZ, individually, and ABRAHAM LICHTENSTADTER, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (iv) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two New York corporations that operate as a single enterprise to run two Brooklyn-based insulation contracting companies, and the enterprise's two owners and day-to-day overseers - - as an insulator from April 6, 2021, until December 21, 2021. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the entirety of Plaintiff's employment, Defendants routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours in a workweek, but Defendants failed to pay Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate for those hours, and instead paid Plaintiff on an hourly basis at his regular rate of pay for all hours worked.

3. Defendants further violated the NYLL by failing to provide Plaintiff with any wage notice upon his hire, let alone an accurate one, or with an accurate wage statement on each payday.

4. Defendants paid and treated all of their non-managerial laborers in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims

under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant NY CORP was and is a New York corporation, with its principal place of business located at 831 Kent Avenue, Brooklyn, New York 11205.

11. At all relevant times, Defendant NY INC was and is a New York corporation, with its principal place of business also located at 831 Kent Avenue, Brooklyn, New York 11205.

12. Although legally distinct entities, Defendants NY CORP and NY INC, in practice, operate as a single enterprise, in that both: are commonly owned and managed; are commonly controlled financially; and co-mingle employees.

13. To that end, at all relevant times herein, Defendants Lefkowitz and Lichtenstadter were and are the owners of Defendants NY CORP and NY INC, who in those roles personally oversee the day-to-day operations of the business and are ultimately responsible for all matters with respect to the hiring and firing of employees, as well as determining employees' hours, rates, and methods of pay, paying employees, and for maintaining employment records, including those matters with respect to Plaintiff.

14. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant NY CORP's and NY INC's qualifying annual business exceeded and exceeds $500,000.00, and both entities were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed and employ two or more employees, and used and use goods, equipment, and other insulation materials, such as paint, insulation, scissors, elbow pipes, tape, and other similar materials in the course of Defendants' business, which originates in states other than New York, the combination of which subjects Defendants' business to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial laborers of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked in a week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Plaintiff's brother, Jose Guaman, who worked for Defendants from on or about May 19, 2018, to on or about December 21, 2021, complained numerous times to Defendant Lefkowitz that Defendants were not paying their hourly employees at the rate of one and one-half times their regular hourly rates for hours worked in a week over forty, yet Defendants continued to violate the FLSA by requiring Jose Guaman, Plaintiff, and all FLSA Plaintiffs to work over forty hours in a week without paying them overtime.

18. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

5

## RULE 23 CLASS ALLEGATIONS

19. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR.

20. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

21. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial laborers of Defendants, who
   during the applicable NYLL limitations period, performed any work
   for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

22. During the applicable NYLL limitations period, Defendants have employed, in total, at least forty employees who are putative members of this class.

### Common Questions of Law and/or Fact

23. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a

6

week; (4) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (6) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage statement on each payday containing the information required by NYLL § 195(3); (7) whether Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (8) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (9) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (10) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (11) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

24. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial laborers in New York, and Defendants did not and do not: properly pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked over forty in a week; and/or provide them with an accurate wage notice at the time of hire; and/or provide them with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive: overtime wages at the rate of time and one-half times their regular rates of pay for all hours worked each week over forty; an accurate wage notice at the time of hire; and an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a

result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

Adequacy

25. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime at a rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, furnish Plaintiff with an accurate wage notice at the time of hire, or furnish Plaintiff with an accurate wage statement on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

27. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

28. Any lawsuit brought by any non-managerial laborers of Defendants would be identical to a suit brought by any other similar employee for the same violations as alleged herein.

...

Thus, separate litigation would risk inconsistent results.

29. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

30. Defendants NY CORP and NY INC, while nominally distinct entities, in practice operate together as a single enterprise to run an insulation contracting company in Brooklyn. Specifically, both entities are located and have their principal place of business at 831 Kent Avenue, Brooklyn New York. The two operate from the same location, have common ownership and management, and intermingle employees.

31. To that end, Defendants Lefkowitz and Lichtenstadter and are jointly responsible for making all significant personnel-related decisions, in that they have and they do exercise the power to hire and fire all employees, supervise and control employee work schedules and the locations at which employees work, determine the rate and method of wages paid to all employees, and to maintain employment records, including all of those matters with respect to Plaintiff.

32. Plaintiff worked for Defendants from March 31, 2021, until December 21, 2021, as a non-managerial insulator. In this role, Plaintiff's primary duties consisted of installing, painting, and taping insulation at Defendants' clients' various job sites located throughout the Bronx and Manhattan, as well as cleaning up those job sites as needed.

33. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did generally work, five days per week, typically Monday through Friday, from as early as 7:00 a.m. to as late 8:30 p.m., without a scheduled or uninterrupted break during his shift, although his hours often varied greatly. According to his paystubs, Defendants required Plaintiff to work, and he did routinely work, from as few as thirty-five hours and twelve minutes to as many as sixty-seven and one-half hours in a week, with an average of approximately fifty-three hours per week.

34. In exchange for his work, as further reflected on his paystubs, Defendants paid Plaintiff on an hourly basis, at the rate of $20.00 from the start of his employment through August 17, 2021, and at the rate of $22.00 from August 18, 2021, through the end of his employment. Defendants paid Plaintiff at his hourly rate for all hours worked in a week, including those hours that Plaintiff worked in a week in excess of forty.

35. Plaintiff's paystubs reflect that his workweek spanned from Wednesday to Tuesday.

36. By way of example only, as reflected on his paystub for the workweek of July 14 through July 20, 2021, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

> Wednesday, July 14, 2021: 7:00 a.m. until 8:30 p.m.;
>
> Thursday, July 15, 2021: 7:00 a.m. until 8:30 p.m.;
>
> Friday, July 16, 2021: 7:00 a.m. until 8:30 p.m.;
>
> Saturday, July 17, 2021: off;
>
> Sunday, July 18, 2021: off;
>
> Monday, July 19, 2021: 7:00 a.m. until 8:30 p.m.; and
>
> Tuesday, July 20, 2021: 7:00 a.m. until 8:30 p.m.

Accordingly, Plaintiff worked a total of sixty-seven and one-half hours during this week. In exchange for his work, as further reflected on his paystub, Defendants paid Plaintiff at his regular hourly rate of $20.00 for all hours of work, including the twenty-seven and one-half hours that he worked in excess of forty that week

37. Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that that accurately contained, *inter alia*: Plaintiff's rate of pay and basis thereof;

10

whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Further, when Defendants increased Plaintiff's hourly rate of pay to $22.00 on August 18, 2021, Defendants did so without notifying Plaintiff of this change.

38. Defendants paid Plaintiff on a weekly basis by check.

39. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's regular and overtime rates of pay or his overtime hours worked for that week. This deprived Plaintiff of the ability to know exactly how much compensation he was entitled to and resulted in the underpayment of wages as asserted herein.

40. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

43. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

47. Defendants willfully violated the FLSA.

48. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

50. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

53. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

58. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

59. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with any wage notice at their time of hire, let alone a wage notice that accurately contained all of the criteria that the NYLL requires.

60. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

64. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with a wage statement that accurately contained all of the criteria that the NYLL requires.

65. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action who worked in New York, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participating in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.  Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.  Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j.  Pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       December 6, 2022

>                             Respectfully submitted,
>
>                             BORRELLI & ASSOCIATES, P.L.L.C.
>                             *Attorneys for Plaintiff*
>                             910 Franklin Avenue, Suite 200
>                             Garden City, New York 11530
>                             Tel. (516) 248-5550
>                             Fax. (516) 248-6027
>
> By:   */s/ Danielle Petretta*
>       DANIELLE PETRETTA (5566328)
>       ALEXANDER T. COLEMAN (AC 8151)
>       MICHAEL J. BORRELLI (MB 8533)